■ In the Matter of EILEEN SPERRAZZA, Respondent, v. RCA COMMUNICATIONS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeals from decisions of the Workmen's Compensation Board, filed October 26, 1972 and March 27, 1973, which reversed a referee's decision dismissing the claim, and found that decedent's fatal heart attack was an industrial accident. The decedent, claimant's husband, worked as a flexowriter, which involves operating a typewriter-like machine for correcting messages relating to inter-

national orders. The board found, *inter alia*, that decedent had "experienced great physical and mental stress and anxiety caused by his work" and held that his heart attack after leaving work on July 4, 1970 was work related. Appellants urge that there was no substantial evidence to support the finding of physical strain. However, the record reveals that decedent regularly worked a midnight to 8:00 A.M. shift and that in the months before his death, had worked a great deal of overtime, amounting at times to 23 hours weekly. His mother, to whose home decedent often went to sleep after work because it was quieter than his own home in which there were small children, testified that he always looked tired and on the day of his death had complained of exhaustion; a friend and former coworker testified that decedent had told him that he (decedent) was usually exhausted when he came home; and the chairman of decedent's union grievance committee testified that decedent had complained of being asked to work constant overtime. The board could therefore find that, although the work itself was not arduous, the number of hours decedent worked with inadequate rest constituted a physical strain. "The claimant may be subjected to unusual or excessive strain in the course of his employment despite the fact that the work performed by him which precipitates the heart attack is of the same general type as that in which he is regularly involved". (*Matter of Schechter* v. *State Ins. Fund*, 6 N Y 2d 506, 510; see, also, *Matter of Major* v. *New York State Ct. of Claims*, 31 A D 2d 993, mot. for lv. to app. den. 24 N Y 2d 740.) Appellants also contend that there is no evidence that decedent was under mental strain. The record is otherwise. The afore-mentioned friend testified that one month prior to his death, decedent had complained of harassment, and the union grievance chairman related that decedent had complained of being in a position where he received many customer complaints and was "very, very nervous." Although there was conflicting testimony tending to refute claimant's contention that decedent was under physical and emotional strain, and a medical opinion contrary to that of claimant's medical expert who opined that there was a causal relationship between decedent's death and the physical and mental strain to which he had been subjected, the resolution of these conflicts in claimant's favor was solely within the board's fact-finding province. Decisions affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Main, JJ., concur.